**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-5219**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TECARLOS DERILLE SMITH,

Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (CR-04-40-1)

—————

Submitted: September 29, 2006      Decided: October 26, 2006

—————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

—————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

—————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Eric David Goulian, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tecarlos Derille Smith appeals the district court's order sentencing him to a total of 196 months' imprisonment following his guilty plea to possession with intent to distribute more than five grams of cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) (2000), and 18 U.S.C. § 924(c) (2000). The Government has moved to dismiss the appeal on the basis of a waiver of appellate rights contained in its plea agreement with Smith. Smith's brief has been filed pursuant to Anders v. California, 386 U.S. 738 (1967), and counsel for Smith asserts that if the waiver is found to be unenforceable, the sentence is unreasonable. Although advised of his right to file a pro se supplemental brief, Smith has not done so.

Addressing the Government's motion first, this court's interpretation of Smith's plea agreement is guided by contract law. United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). The waiver provision in Smith's plea agreement precludes a challenge to Smith's sentence, but does not bar a challenge to his conviction on direct appeal. We conclude the waiver is enforceable to the extent Smith seeks to challenge his sentence. Accordingly, we grant the Government's motion as it applies to Smith's appeal of his sentence and deny the motion as it applies to our review of Smith's conviction under Anders.

Turning to Smith's conviction, we have reviewed the record pursuant to <u>Anders</u> and find no error. The district court fully complied with Fed. R. Crim. P. 11 in conducting Smith's plea hearing, and we discern no basis for concluding that Smith's guilty plea was involuntary or unknowing. Finding no meritorious issues, we affirm Smith's conviction.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>